**LAW OFFICE OF CLARK OVRUCHESKY**
Clark Ovruchesky, Esq. (SBN: 301844)
co@colawcalifornia.com
750 B. Street, Suite 3300
San Diego, California 92101
Telephone: (619) 356-8960
Facsimile:  (619) 330-7610

**SHANNER & ASSOCIATES**
Thomas K. Shanner, Esq. (SBN: 218515)
toby@shannerlaw.com
7851 Mission Center Ct., Suite 208
San Diego, California 92108
Telephone: (619) 232-3057
Facsimile:  (866) 286-5061

*Attorney for Plaintiff*,
Theresa L. Blankenship

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **THERESA L. BLANKENSHIP,**<br><br>**Plaintiff,**<br><br>v.<br><br>**USE CREDIT UNION, CASHCALL, INC., AD ASTRA RECOVERY SERVICES, INC., ACCEPTANCE NOW, LLC., ACCOUNT RECOVERY SERVICE, INC. VEROS CREDIT LLC, EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES LLC, and TRANS UNION LLC.,**<br><br>**Defendants.** | **Case No.:** ᶦ15CV2551 BTM JLB<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**<br><br>    **1.) THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §§ 1681, ET SEQ.; AND**<br><br>    **2.) CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, CAL. CIV. CODE § 1785.1, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

*Sidebar:* LAW OFFICE OF CLARK OVRUCHESKY 750 B. STREET, SUITE 3300 SAN DIEGO, CA 92101

LAW OFFICE OF CLARK OVRUCHESKY
750 B. STREET, SUITE 3300
SAN DIEGO, CA 92101

### INTRODUCTION

1. The United States Congress has found the banking system is dependent upon fair and accurate credit reporting.  Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), to insure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy.  The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers.   The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. Plaintiff **THERESA L. BLAKENSHIP** ("Plaintiff"), through her attorney, brings this lawsuit to challenge the actions of Defendants **USE CREIDT UNION ("USE" or "Defendants"), CASHCALL, INC., ("CashCall" or "Defendants"), AD ASTRA RECOVERY SERVICES, INC. ("Astra" or "Defendants"), ACCEPTANCE NOW, LLC ("Acceptance" or "Defendants"), ACCOUNT RECOVERY SERVICE, INC. ("ARS" or "Defendants"), VEROS CREDIT, LLC ("Veros" or "Defendants"), EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian" or "Defendants"), EQUIFAX INFORMATION SERVICES LLC ("Equifax" or "Defendants"), and TRANS UNION LLC. ("TransUnion" or "Defendants")** with regard to Defendants' reporting of erroneous negative and derogatory reports to Plaintiff's credit report, as that term is defined by 15 U.S.C. § 1681a(g); Defendants' willful and negligent failure to properly

investigate the repeated disputes of Plaintiff concerning the inaccurate data Defendants are reporting in Plaintiff's file, and Defendants' failure to correct such, which Defendants knew or should have known was erroneous and which caused Plaintiff damages.

3.  Plaintiff makes these allegations on information and belief, with the exception of allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4.  While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5.  Unless otherwise stated, all the conduct engaged in by Defendants occurred in California.

6.  Any violations by Defendants were knowing and intentional, and that Defendants did not maintain procedures reasonably adapted to avoid any such violation.

7.  Unless otherwise indicated, the use of any Defendants' name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendants named.

### JURISDICTION AND VENUE

8.  Jurisdiction of this Court arises pursuant to 28 U.S.C. §1331; 15 U.S.C. § 1681p; and, 28 U.S.C. § 1367 for supplemental state claims.

9.  This action arises out of Defendants' violations of (i) the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 et seq. ("FCRA") and (ii) the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code §§ 1785.1. et seq. ("CCCRAA").

10. Because Defendants conduct business within the State of California, personal jurisdiction is established.

LAW OFFICE OF CLARK OVRUCHESKY
750 B. STREET, SUITE 3300
SAN DIEGO, CA 92101

11. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of San Diego, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendants conducted business within this judicial district at all times relevant.

## PARTIES

12. Plaintiff is a natural person who resides in the City of San Diego, County of San Diego, in the State of California. In addition, Plaintiff is a "consumer" as that term is defined by: Cal. Civ. Code § 1785.3(c); and, 15 U.S.C. § 1681a(c).

13. Defendant USE is a corporation whose primary corporate address is in the City of San Diego, in the State of California.

14. Defendant CashCall is a corporation whose primary corporate address is in the City of Orange, in the State of California.

15. Defendant Acceptance is a corporation whose primary corporate address is in the City of Plano, in the State of Texas.

16. Defendant ARS is a corporation whose primary corporate address is in the City of Milwaukee, in the State of Wisconsin.

17. Defendant Astra is a corporation whose primary corporate address is in the City of Wichita, in the State of Kansas.

18. Defendant Veros is a corporation whose primary corporate address is in the City of Santa Ana, in the State of California.

19. Defendant Experian is a corporation whose primary corporate address is in the City of Costa Mesa, in the State of California.

20. Defendant Equifax is a corporation whose primary corporate address is in the City of Atlanta, in the State of Georgia.

21. Defendant TransUnion is a corporation whose primary corporate address is in the City of Chicago, in the State of Illinois.

LAW OFFICE OF CLARK OVRUCHESKY
750 B. STREET, SUITE 3300
SAN DIEGO, CA 92101

22. Defendants USE, CashCall, Astra, ARS, Acceptance, and Veros are each furnishers of information as contemplated by FCRA sections 1681s-2(a) & (b), which regularly and in the ordinary course of business furnish information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

23. Plaintiff is informed and believes, and thereon alleges, that Defendants USE, CashCall, Astra, ARS, Acceptance, and Veros, in the ordinary course of business, regularly, on behalf of themselves or others, engage in "debt collection" as that term is defined by California Civil Code § 1788.2(b), and are therefore "debt collectors" as that term is defined by California Civil Code § 1788.2(c).

24. Defendants Experian, Equifax, and TransUnion are each a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

25. The causes of action herein also pertain to Plaintiff's "consumer credit report" as that term is defined by Cal. Civ. Code § 1785.3(d), in that inaccurate representations of Plaintiff's credit worthiness, credit standing, and credit capacity were made via written, oral, or other communication of information by a consumer credit reporting agency, which is used or is expected to be used, or collected in whole or in part, for the purposes of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, household and employment purposes.

///
///
///
///
///
///
///

LAW OFFICE OF CLARK OVRUCHESKY
750 B. STREET, SUITE 3300
SAN DIEGO, CA 92101

GENERAL ALLEGATIONS

26. At all times relevant to this matter, Plaintiff was an individual residing within the State of California.

27. Furthermore, Defendants conducted business within the State of California at all times relevant.

28. On or about September 18, 2013, Plaintiff filed for a Chapter 13 bankruptcy in the United States Bankruptcy Court for the Southern District of California in San Diego. Plaintiff's case was assigned Case Number 13-09285 (the "Bankruptcy").

29. The obligations ("Debt) to Defendants USE, Astra, ARS, Acceptance, and Veros were scheduled in the Bankruptcy.

30. These Defendants, creditors, received notice of the Bankruptcy filing on or about September 2013 through a Court Certificate of Mailing with Service by the Bankruptcy Noticing Center.

31. None of the Defendants filed any proceedings to declare their Debt "non dischargeable" pursuant to 11 U.S.C. § 523 *et seq.*

32. Defendants also did not request relief from the "automatic stay" codified at 11 U.S.C. §362 *et seq.* while the Plaintiff's Bankruptcy was pending to pursue the Plaintiff on any *personal* liability for any of the underlying Debts.

33. Further, while the automatic stay is in effect during the Bankruptcy, it is illegal and inaccurate for any of the Defendants to report any post-Bankruptcy derogatory collection information, which would be inconsistent with the Orders entered by the Bankruptcy Court, including the initial Petition for Relief for Bankruptcy protection (the "Petition").

34. Defendants named herein, and each of them, either reported or caused to be reported inaccurate information after the Bankruptcy was filed.

///

///

LAW OFFICE OF CLARK OVRUCHESKY
750 B. STREET, SUITE 3300
SAN DIEGO, CA 92101

LAW OFFICE OF CLARK OVRUCHESKY
750 B. STREET, SUITE 3300
SAN DIEGO, CA 92101

35. Defendants' attempt to collect upon their respective Debt by reporting post-Bankruptcy derogatory information on Plaintiff's credit report(s), which is a collection activity, was therefore inaccurate and prohibited by the automatic stay and discharge.

36. Defendants' reporting post-Bankruptcy derogatory information was inaccurate in that Defendants continued reporting information based on Defendants' pre-bankruptcy contract terms with the Plaintiff, which were no longer enforceable upon the bankruptcy filing, thereby rendering the disputed information "inaccurate."

37. Defendants' reporting of post-Bankruptcy derogatory information was also inaccurate because a default on an account included in a bankruptcy can occur no later than the bankruptcy filing date, at which point the accounts included in the Bankruptcy were no longer collectable due to the effect of the automatic stay. Thus, by reporting post-Bankruptcy derogatory information, Defendants made Plaintiff's Debt appear more recently subject to collection than it really was, which is inaccurate and misleading.

38. Moreover, the Consumer Data Industry Association's ("CDIA") Metro 2 format is the credit industry's standardized, objective reporting format used by furnishers to provide information about consumer accounts to consumer reporting agencies.[1]

39. Upon information and belief, Plaintiff alleges that Defendants choose to subscribe to the Metro 2 format for credit reporting to credit reporting agencies, but did not comply with the Metro 2 reporting standards in respect to Plaintiff's accounts.

///

///

---

[1] *See* Consumer Financial Protection Bureau, Key Dimensions and Processes in the U.S. Credit Reporting System, available at: http://files.consumerfinance.gov/f/201212_cfpb_credit-reporting-white-paper.pdf

40. Furnishers utilizing the Metro 2 reporting standard correctly is crucial because the Metro 2 system creates a uniform standard for the meaning given to each field provided, which fosters consistency in how furnishers calculate data to report to the bureaus, which ultimately leads to objective credit scores being formulated for consumers.

41. Accordingly, Defendants' non-compliance with the Metro 2 reporting standards constitutes an inaccurate or misleading statement under the FCRA, because a furnisher that fails to comply with the uniform and objective Metro 2 reporting standards compromises the credit reporting system.

42. Plaintiff subsequently learned that Defendants reported post-Bankruptcy derogatory credit information regarding the obligations on Plaintiff's credit reports, thereby causing erroneous and negative credit information in Plaintiff's credit files and damaging Plaintiff's creditworthiness.

## USE CREDIT UNION MISREPORTED CREDIT INFORMATION
## RE: ACCOUNT NO.: 8091398XXXX*

43. In an Equifax Credit Report dated June 30, 2015, USE reported the following inaccurate, derogatory information for the above-referenced account number:
   - Maj. Del 1st Rptd: 05/2015

44. In an Experian Credit Report dated June 30, 2015, there was a duplicate adverse reporting of this same account.

45. The adverse information reported by USE was based on USE's assertion of pre-bankruptcy obligations and was therefore inaccurate, since after filing Chapter 13 Bankruptcy, the Chapter 13 plan determined how USE would be paid. Failing to report consistent with the terms of the Chapter 13 plan was therefore inaccurate.

///

///

46. USE should not have reported derogatory information on Plaintiff's account after September 18, 2013 because Plaintiff filed for Bankruptcy on September 18, 2013.

47. USE, Equifax and TransUnion's inaccurate and negative reporting damaged Plaintiff's creditworthiness.

48. Equifax and Experian even reported the Bankruptcy in its "Public Records" section of Plaintiff's credit report, and reflected that the Bankruptcy was filed on September 2013. Therefore, Equifax and Experian had notice of the Bankruptcy.

49. Moreover, Equifax and Experian had notice of the Bankruptcy due to multiple other accounts reporting in Plaintiff's Equifax and Experian credit reports notating the Bankruptcy.

50. However, even with notice of the Bankruptcy, Equifax and Experian allowed USE to report the above inaccurate and derogatory information, for a debt that was included in the Bankruptcy, after Plaintiff filed the Bankruptcy.

51. Therefore, Equifax and Experian's inaccurate and negative reporting of the Debt in light of their knowledge of the Bankruptcy was willful.

52. Accordingly, Equifax and Experian failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff and violated 15 U.S.C. § 1681e(b).

53. USE received notice of the Bankruptcy filing on or about September 2013 through a Court Certificate of Mailing with Service by the Bankruptcy Noticing Center.

54. Therefore, USE's inaccurate and negative reporting of the Debt in light of their knowledge of the Bankruptcy was willful.

55. Through this conduct, USE has violated Cal. Civ. Code § 1785.25(a) by furnishing information to Equifax and Experian, consumer reporting agencies, that USE knew or should known was inaccurate.

LAW OFFICE OF CLARK OVRUCHESKY
750 B. STREET, SUITE 3300
SAN DIEGO, CA 92101

56. On or about July 2015, Plaintiff disputed USE's reported information regarding the Debt pursuant to 15 U.S.C. § 1681I(a)(2) by notifying Equifax and Experian in writing, of the incorrect and inaccurate credit information furnished by USE.

57. Specifically, Plaintiff sent a letter, via certified mail, to Equifax and Experian (the "Dispute Letters"), requesting the above inaccurate information be removed.

58. The Dispute Letters further requested that Equifax and Experian:

- Immediately delete the account and the disputed derogatory information from [Plaintiff's] credit report.

- The discharged debt should be reported with an account balance of $0 with a status of "current."

- Further, there should be no post-bankruptcy activity reported on this account. The date of last activity on this account should pre-date [Plaintiff's] bankruptcy filing date, September 18, 2013, since a default on this account occurred no later than the Bankruptcy filing date.

- Any post-bankruptcy derogatory information should be immediately deleted from [Plaintiff's] report.

- If [Equifax/Experian] do[es] not immediately delete this from [Plaintiff's] credit report, please include a 100-word statement in [Plaintiff's] credit report of all the disputed information contained in this letter regarding this account.

59. Upon information and belief, Equifax and Experian timely notified USE of Plaintiff's dispute, but USE continued reporting inaccurate, derogatory information.

60. USE, Equifax and Experian were required to conduct a reasonable reinvestigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i and 15 U.SC. § 1681s-2(b)(1)(A).

LAW OFFICE OF CLARK OVRUCHESKY
750 B. STREET, SUITE 3300
SAN DIEGO, CA 92101

61. On or about July 2015, Plaintiff received notification from Equifax and Experian that USE, Equifax and Experian received notice of Plaintiff's dispute pursuant to 15 U.S.C. § 1681i(a)(6) and was providing the results of the reinvestigation.

62. However, rather than remove all the above derogatory information from Plaintiff's report, USE and Equifax simply left derogatory information on Plaintiff's report. Specifically, USE and Equifax continued to report the following inaccurate and derogatory information on Plaintiff's credit:

   • Maj. Del 1st Rptd: 05/2015

63. Similarly, Experian continued their duplicate reporting for this account.

64. Equifax and TransUnion did not provide notice to Plaintiff that his dispute was "frivolous or irrelevant," pursuant to 15 U.S.C. § 1681i(a)(3).

65. As discussed above, included in the Dispute Letters were Plaintiff's statements of dispute, pursuant to 15 U.S.C. § 1681i(b).

66. However, despite Equifax and Experian never notifying Plaintiff that her dispute was "frivolous or irrelevant," they failed to notate that Plaintiff disputed the above reporting in their subsequent reporting, as required by 15 U.S.C. § 1681i(c) and 1681c(f).

67. Accordingly, Equifax and Experian failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff and violated 15 U.S.C. § 1681e(b).

68. USE, Equifax and Experian, upon receipt of Plaintiff's dispute, failed to conduct a reasonable investigation with respect to the disputed information as required by 15 U.S.C. §1681i and 15 U.SC. § 1681s-2(b)(1)(A).

69. USE, Equifax and Experian failed to review all relevant information provided by Plaintiff in the dispute to Equifax and TransUnion, as required by and in violation of 15 U.S.C. § 1681s-2(b)(1)(B).

LAW OFFICE OF CLARK OVRUCHESKY
750 B. STREET, SUITE 3300
SAN DIEGO, CA 92101

70. Due to USE, Equifax and Experian's failure to reasonably investigate, they each further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

71. Accordingly, Equifax and Experian failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff and violated 15 U.S.C. § 1681e(b).

72. Plaintiff's continued efforts to correct USE, Equifax and Experian's erroneous and negative reporting of the Debt by communicating Plaintiff's dispute with USE, Equifax and Experian were fruitless.

73. USE, Equifax and Experian continued inaccurate and negative reporting of the Debt in light of its knowledge of the actual error was willful.

74. USE, Equifax and Experian's inaccurate and negative reporting damaged Plaintiff's creditworthiness.

75. By inaccurately reporting account information relating to the Debt after notice and confirmation of its errors, USE, Equifax and Experian failed to take the appropriate measures as determined in 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

76. Through this conduct, USE has violated Cal. Civ. Code § 1785.25(a) by furnishing information to Equifax and Experian, consumer reporting agencies, that USE knew or should known was inaccurate.

### CASHCALL MISREPORTED CREDIT INFORMATION
### RE: ACCOUNT NO.: 520XXXX*

77. An Equifax Credit Report dated June 30, 2015, CashCall reported the following inaccurate, derogatory information for the above-referenced account number:

- "Charged Off" status even though the account has been paid in full

78. Similarly, an Experian Credit Report dated June 30, 2015, CashCall reported the account status as being "Charged Off" even though it has been paid off.

79. CashCall, Equifax and Experian's inaccurate and negative reporting damaged Plaintiff's creditworthiness.

80. CashCall's inaccurate and negative reporting of the Debt in light of their knowledge that the account was paid off was willful.

81. Through this conduct, CashCall has violated Cal. Civ. Code § 1785.25(a) by furnishing information to Equifax and Experian, consumer reporting agencies, that CashCall knew or should known was inaccurate.

82. On or about July 2015, Plaintiff disputed CashCall's reported information regarding the Debt pursuant to 15 U.S.C. § 1681I(a)(2) by notifying Equifax and Experian in writing, of the incorrect and inaccurate credit information furnished by CashCall.

83. Specifically, Plaintiff sent a letter, via certified mail, to Equifax and Experian (the "Dispute Letters"), requesting the above inaccurate information be removed.

84. The Dispute Letters further requested that Equifax and Experian:

   • Immediately delete the account and the disputed derogatory information from [Plaintiff's] credit report.

   • If [Equifax and/or Experian] do[es] not immediately delete this from [Plaintiff's] credit report, please include a 100-word statement in [Plaintiff's] credit report of all the disputed information contained in this letter regarding this account.

85. Upon information and belief, Equifax and Experian timely notified CashCall of Plaintiff's dispute, but CashCall continued reporting inaccurate, derogatory information.

///

///

LAW OFFICE OF CLARK OVRUCHESKY
750 B. STREET, SUITE 3300
SAN DIEGO, CA 92101

86. CashCall, Equifax and Experian were required to conduct a reasonable reinvestigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i and 15 U.SC. § 1681s-2(b)(1)(A).

87. On or about July 2015, Plaintiff received notification from Equifax and Experian that CashCall, Equifax and Experian received notice of Plaintiff's dispute pursuant to 15 U.S.C. § 1681i(a)(6) and was providing the results of the reinvestigation.

88. However, rather than remove all the above derogatory information from Plaintiff's report, CashCall and Equifax simply left derogatory information on Plaintiff's report. Specifically, CashCall and Equifax continued to report the following inaccurate and derogatory information on Plaintiff's credit:

   • Still reporting the status as "Charged Off" even though the account had been paid in full

89. Similarly, Experian continued to report that this account is still in the "Considered Negative" section, even though it was paid off with a zero ($0) balance.

90. Equifax and Experian did not provide notice to Plaintiff that his dispute was "frivolous or irrelevant," pursuant to 15 U.S.C. § 1681i(a)(3).

91. As discussed above, included in the Dispute Letters was Plaintiff's statement of dispute, pursuant to 15 U.S.C. § 1681i(b).

92. However, despite Equifax and Experian never notifying Plaintiff that his dispute was "frivolous or irrelevant," they failed to notate that Plaintiff disputed the above reporting in their subsequent reporting, as required by 15 U.S.C. § 1681i(c) and 1681c(f).

93. Accordingly, Equifax and Experian failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff and violated 15 U.S.C. § 1681e(b).

LAW OFFICE OF CLARK OVRUCHESKY
750 B. STREET, SUITE 3300
SAN DIEGO, CA 92101

94. CashCall, Equifax and Experian upon receipt of Plaintiff's dispute, failed to conduct a reasonable investigation with respect to the disputed information as required by 15 U.S.C. §1681i and 15 U.SC. § 1681s-2(b)(1)(A).

95. CashCall, Equifax and Experian failed to review all relevant information provided by Plaintiff in the dispute to Equifax and Experian as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

96. Due to CashCall, Equifax and Experian's failure to reasonably investigate, they each further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

97. Accordingly, Equifax and Experian failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff and violated 15 U.S.C. § 1681e(b).

98. Plaintiff's continued efforts to correct CashCall, Equifax and Experian's erroneous and negative reporting of the Debt by communicating Plaintiff's dispute with CashCall, Equifax and Experian were fruitless.

99. CashCall, Equifax and Experian continued inaccurate and negative reporting of the Debt in light of its knowledge of the actual error was willful.

100. CashCall, Equifax and Experian inaccurate and negative reporting damaged Plaintiff's creditworthiness.

101. By inaccurately reporting account information relating to the Debt after notice and confirmation of its errors, CashCall, Equifax and Experian failed to take the appropriate measures as determined in 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

102. Through this conduct, CashCall has violated Cal. Civ. Code § 1785.25(a) by furnishing information to Equifax and Experian, consumer reporting agencies, that CashCall knew or should known was inaccurate.

LAW OFFICE OF CLARK OVRUCHESKY
750 B. STREET, SUITE 3300
SAN DIEGO, CA 92101

## AD ASTRA RECEIVABLES MISREPORTED CREDIT INFORMATION
## RE: ACCOUNT NO.: 325XXXX*

103. In an Experian Credit Report dated June 30, 2015, Astra reported the following inaccurate, derogatory information for the above-referenced account number:

- December 2013: "CO" – Charged Off
- January 2014-March 2014: "CO" – Charged Off
- Past Due: $315

104. The adverse information reported by Astra was based on Astra's assertion of pre-bankruptcy obligations and was therefore inaccurate, since after filing Chapter 13 Bankruptcy, the Chapter 13 plan determined how Astra would be paid. Failing to report consistent with the terms of the Chapter 13 plan was therefore inaccurate.

105. Astra should not have reported derogatory information on Plaintiff's account after September 18, 2013 because Plaintiff filed for bankruptcy on September 18, 2013.

106. Astra and Experian's inaccurate and negative reporting damaged Plaintiff's creditworthiness.

107. Experian even reported the Bankruptcy in its "Public Records" section of Plaintiff's credit report, and reflected that the Bankruptcy was filed on September 18, 2013. Therefore, Experian had notice of the Bankruptcy.

108. Moreover, Experian had notice of the Bankruptcy due to multiple other accounts reporting in Plaintiff's Experian credit report notating the Bankruptcy.

109. However, even with notice of the Bankruptcy, Experian allowed Astra to report the above inaccurate and derogatory information, for a debt that was included in the Bankruptcy, after Plaintiff filed the Bankruptcy.

LAW OFFICE OF CLARK OVRUCHESKY
750 B. STREET, SUITE 3300
SAN DIEGO, CA 92101

110. Therefore, Experian's inaccurate and negative reporting of the Debt in light of their knowledge of the Bankruptcy was willful.

111. Accordingly, Experian failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff and violated 15 U.S.C. § 1681e(b).

112. Astra received notice of the Bankruptcy filing on or about September 2013 through a Court Certificate of Mailing with Service by the Bankruptcy Noticing Center.

113. Therefore, Astra's inaccurate and negative reporting of the Debt in light of their knowledge of the Bankruptcy was willful.

114. Through this conduct, Astra has violated Cal. Civ. Code § 1785.25(a) by furnishing information to Experian, a consumer reporting agency, that Astra knew or should known was inaccurate.

115. On or about July 2015, Plaintiff disputed Astra's reported information regarding the Debt pursuant to 15 U.S.C. § 1681I(a)(2) by notifying Experian, in writing, of the incorrect and inaccurate credit information furnished by Astra.

116. Specifically, Plaintiff sent a letter, via certified mail, to Experian (the "Experian Dispute Letter"), requesting the above inaccurate information be removed.

117. The Experian Dispute Letter further requested that Experian:

- Immediately delete the account and the disputed derogatory information from [Plaintiff's] credit report.

- The discharged debt should be reported with an account balance of $0 with a status of "current."

- Further, there should be no post-bankruptcy activity reported on this account. The date of last activity on this account should pre-date [Plaintiff's] bankruptcy filing date, September 18, 2013, since a default

LAW OFFICE OF CLARK OVRUCHESKY
750 B. STREET, SUITE 3300
SAN DIEGO, CA 92101

on this account occurred no later than the Bankruptcy filing date.

- Any post-bankruptcy derogatory information should be immediately deleted from [Plaintiff's] report.

- If [Experian] do[es] not immediately delete this from [Plaintiff's] credit report, please include a 100-word statement in [Plaintiff's] credit report of all the disputed information contained in this letter regarding this account.

118. Upon information and belief, Experian timely notified Astra of Plaintiff's dispute, but Astra continued reporting inaccurate, derogatory information.

119. Astra and Experian were required to conduct a reasonable reinvestigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i and 15 U.S.C. § 1681s-2(b)(1)(A).

120. On or about July 16 2015, Plaintiff received notification from Experian that Astra and Experian received notice of Plaintiff's dispute pursuant to 15 U.S.C. § 1681i(a)(6) and was providing the results of the reinvestigation.

121. However, rather than remove all the above derogatory information from Plaintiff's report, Astra and Experian simply left derogatory information on Plaintiff's report. Specifically, Astra and Experian continued to report the following inaccurate and derogatory information on Plaintiff's credit:

- Account is "In Collection" from December 2013-March 2014

- Added a $315 Recent Balance as of December 2014

- Reporting the Bankruptcy Filing Date incorrectly as November 2014

122. Experian did not provide notice to Plaintiff that his dispute was "frivolous or irrelevant," pursuant to 15 U.S.C. § 1681i(a)(3).

123. As discussed above, included in the Experian Dispute Letter was Plaintiff's statement of dispute, pursuant to 15 U.S.C. § 1681i(b).

///

///

LAW OFFICE OF CLARK OVRUCHESKY
750 B. STREET, SUITE 3300
SAN DIEGO, CA 92101

124. However, despite Experian never notifying Plaintiff that his dispute was "frivolous or irrelevant," they failed to notate that Plaintiff disputed the above reporting in their subsequent reporting, as required by 15 U.S.C. § 1681i(c) and 1681c(f).

125. Accordingly, Experian failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff and violated 15 U.S.C. § 1681e(b).

126. Astra and Experian, upon receipt of Plaintiff's dispute, failed to conduct a reasonable investigation with respect to the disputed information as required by 15 U.S.C. §1681i and 15 U.S.C. § 1681s-2(b)(1)(A).

127. Astra and Experian failed to review all relevant information provided by Plaintiff in the dispute to Experian, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

128. Due to Astra and Experian's failure to reasonably investigate, they each further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

129. Accordingly, Experian failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff and violated 15 U.S.C. § 1681e(b).

130. Plaintiff's continued efforts to correct Astra and Experian's erroneous and negative reporting of the Debt by communicating Plaintiff's dispute with Astra and Experian were fruitless.

131. Astra and Experian's continued inaccurate and negative reporting of the Debt in light of its knowledge of the actual error was willful.

132. Astra and Experian's inaccurate and negative reporting damaged Plaintiff's creditworthiness.

133. By inaccurately reporting account information relating to the Debt after notice and confirmation of its errors, Astra and Experian failed to take the appropriate measures as determined in 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

134. Through this conduct, Astra has violated Cal. Civ. Code § 1785.25(a) by furnishing information to Experian, a consumer reporting agency, that Astra knew or should known was inaccurate.

### ACCEPTANCE NOW MISREPORTED CREDIT INFORMATION
### RE: ACCOUNT NO.: R057130*

135. In an Experian Credit Report dated June 30, 2015, Acceptance reported the following inaccurate, derogatory information for the above-referenced account number:

- October 2013: "CO" – Charged Off
- Payment Status: "Debt included in or discharged through Bankruptcy Chapter, 7, 11, or 13" even though it was a Chapter 13 Bankruptcy.

136. The adverse information reported by Acceptance was based on Acceptance's assertion of pre-bankruptcy obligations and was therefore inaccurate, since after filing Chapter 13 Bankruptcy, the Chapter 13 plan determined how Acceptance would be paid. Failing to report consistent with the terms of the Chapter 13 plan was therefore inaccurate.

137. Acceptance should not have reported derogatory information on Plaintiff's account after September 18, 2013 because Plaintiff filed for bankruptcy on September 18, 2013.

138. Acceptance and Experian's inaccurate and negative reporting damaged Plaintiff's creditworthiness.

///

///

LAW OFFICE OF CLARK OVRUCHESKY
750 B. STREET, SUITE 3300
SAN DIEGO, CA 92101

139. Experian even reported the Bankruptcy in its "Public Records" section of Plaintiff's credit report, and reflected that the Bankruptcy was filed on September 18, 2013. Therefore, Experian had notice of the Bankruptcy.

140. Moreover, Experian had notice of the Bankruptcy due to multiple other accounts reporting in Plaintiff's Experian credit report notating the Bankruptcy.

141. However, even with notice of the Bankruptcy, Experian allowed Acceptance to report the above inaccurate and derogatory information, for a debt that was included and discharged in the Bankruptcy, after Plaintiff filed the Bankruptcy.

142. Therefore, Experian's inaccurate and negative reporting of the Debt in light of their knowledge of the Bankruptcy was willful.

143. Accordingly, Experian failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff and violated 15 U.S.C. § 1681e(b).

144. Acceptance received notice of the Bankruptcy filing on or about September 2013 through a Court Certificate of Mailing with Service by the Bankruptcy Noticing Center.

145. Therefore, Acceptance inaccurate and negative reporting of the Debt in light of their knowledge of the Bankruptcy was willful.

146. Through this conduct, Acceptance has violated Cal. Civ. Code § 1785.25(a) by furnishing information to Experian, a consumer reporting agency, that Acceptance knew or should known was inaccurate.

147. On or about July 2015, Plaintiff disputed Acceptance's reported information regarding the Debt pursuant to 15 U.S.C. § 1681I(a)(2) by notifying Experian, in writing, of the incorrect and inaccurate credit information furnished by Acceptance.

148. Specifically, Plaintiff sent a letter, via certified mail, to Experian (the "Experian Dispute Letter"), requesting the above inaccurate information be removed.

149. The Experian Dispute Letter further requested that Experian:

- Immediately delete the account and the disputed derogatory information from [Plaintiff's] credit report.

- The discharged debt should be reported with an account balance of $0 with a status of "current."

- Further, there should be no post-bankruptcy activity reported on this account. The date of last activity on this account should pre-date [Plaintiff's] bankruptcy filing date, September 18, 2013, since a default on this account occurred no later than the Bankruptcy filing date.

- Any post-bankruptcy derogatory information should be immediately deleted from [Plaintiff's] report.

- If [Experian] do[es] not immediately delete this from [Plaintiff's] credit report, please include a 100-word statement in [Plaintiff's] credit report of all the disputed information contained in this letter regarding this account.

150. Upon information and belief, Experian timely notified Acceptance of Plaintiff's dispute, but Acceptance continued reporting inaccurate, derogatory information.

151. Acceptance and Experian were required to conduct a reasonable reinvestigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i and 15 U.S.C. § 1681s-2(b)(1)(A).

152. On or about July 16 2015, Plaintiff received notification from Experian that Acceptance and Experian received notice of Plaintiff's dispute pursuant to 15 U.S.C. § 1681i(a)(6) and was providing the results of the reinvestigation.

LAW OFFICE OF CLARK OVRUCHESKY
750 B. STREET, SUITE 3300
SAN DIEGO, CA 92101

LAW OFFICE OF CLARK OVRUCHESKY
750 B. STREET, SUITE 3300
SAN DIEGO, CA 92101

153. However, rather than remove all the above derogatory information from Plaintiff's report, Acceptance and Experian simply left derogatory information on Plaintiff's report. Specifically, Acceptance and Experian continued to report the following inaccurate and derogatory information on Plaintiff's credit:

- Added: "Recent Balance $1,028"
- Added: "376 past due as of Jan 2014"

154. Experian did not provide notice to Plaintiff that his dispute was "frivolous or irrelevant," pursuant to 15 U.S.C. § 1681i(a)(3).

155. As discussed above, included in the Experian Dispute Letter was Plaintiff's statement of dispute, pursuant to 15 U.S.C. § 1681i(b).

156. However, despite Experian never notifying Plaintiff that his dispute was "frivolous or irrelevant," they failed to notate that Plaintiff disputed the above reporting in their subsequent reporting, as required by 15 U.S.C. § 1681i(c) and 1681c(f).

157. Accordingly, Experian failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff and violated 15 U.S.C. § 1681e(b).

158. Acceptance and Experian, upon receipt of Plaintiff's dispute, failed to conduct a reasonable investigation with respect to the disputed information as required by 15 U.S.C. §1681i and 15 U.S.C. § 1681s-2(b)(1)(A).

159. Acceptance and Experian failed to review all relevant information provided by Plaintiff in the dispute to Experian, as required by and in violation of 15 U.S.C. § 1681s-2(b)(1)(B).

160. Due to Acceptance and Experian's failure to reasonably investigate, they each further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

LAW OFFICE OF CLARK OVRUCHESKY
750 B. STREET, SUITE 3300
SAN DIEGO, CA 92101

161. Accordingly, Experian failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff and violated 15 U.S.C. § 1681e(b).

162. Plaintiff's continued efforts to correct Acceptance and Experian's erroneous and negative reporting of the Debt by communicating Plaintiff's dispute with Acceptance and Experian were fruitless.

163. Acceptance and Experian's continued inaccurate and negative reporting of the Debt in light of its knowledge of the actual error was willful.

164. Acceptance and Experian's inaccurate and negative reporting damaged Plaintiff's creditworthiness.

165. By inaccurately reporting account information relating to the Debt after notice and confirmation of its errors, Acceptance and Experian failed to take the appropriate measures as determined in 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

166. Through this conduct, Acceptance has violated Cal. Civ. Code § 1785.25(a) by furnishing information to Experian, a consumer reporting agency, that Acceptance knew or should known was inaccurate.

### ACCOUNT RECOVERY SERVICES MISREPORTED CREDIT INFORMATION
### RE: ACCOUNT NO.: 12311260*

167. In an Experian Credit Report dated June 30, 2015, ARS reported the following inaccurate, derogatory information for the above-referenced account number:

- Past Due: $315.00
- September 2014: "CO" – Charged Off

168. The adverse information reported by ARS was based on ARS's assertion of pre-bankruptcy obligations and was therefore inaccurate, since after filing Chapter 13 Bankruptcy, the Chapter 13 plan determined how ARS would be paid. Failing to report consistent with the terms of the Chapter 13 plan was

therefore inaccurate.

169. ARS should not have reported derogatory information on Plaintiff's account after September 18, 2013 because Plaintiff filed for bankruptcy on September 18, 2013.

170. ARS and Experian's inaccurate and negative reporting damaged Plaintiff's creditworthiness.

171. Experian even reported the Bankruptcy in its "Public Records" section of Plaintiff's credit report, and reflected that the Bankruptcy was filed on September 18, 2013. Therefore, Experian had notice of the Bankruptcy.

172. Moreover, Experian had notice of the Bankruptcy due to multiple other accounts reporting in Plaintiff's Experian credit report notating the Bankruptcy.

173. However, even with notice of the Bankruptcy, Experian allowed ARS to report the above inaccurate and derogatory information, for a debt that was included and discharged in the Bankruptcy, after Plaintiff filed the Bankruptcy.

174. Therefore, Experian's inaccurate and negative reporting of the Debt in light of their knowledge of the Bankruptcy was willful.

175. Accordingly, Experian failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff and violated 15 U.S.C. § 1681e(b).

176. ARS received notice of the Bankruptcy filing on or about September 18, 2013 through a Court Certificate of Mailing with Service by the Bankruptcy Noticing Center.

177. Therefore, Account Recovery Services inaccurate and negative reporting of the Debt in light of their knowledge of the Bankruptcy was willful.

///

///

LAW OFFICE OF CLARK OVRUCHESKY
750 B. STREET, SUITE 3300
SAN DIEGO, CA 92101

LAW OFFICE OF CLARK OVRUCHESKY
750 B. STREET, SUITE 3300
SAN DIEGO, CA 92101

178. Through this conduct, ARS has violated Cal. Civ. Code § 1785.25(a) by furnishing information to Experian, a consumer reporting agency, that Account Recovery Services knew or should known was inaccurate.

179. On or about July 2015, Plaintiff disputed ARS's reported information regarding the Debt pursuant to 15 U.S.C. § 1681I(a)(2) by notifying Experian, in writing, of the incorrect and inaccurate credit information furnished by ARS.

180. Specifically, Plaintiff sent a letter, via certified mail, to Experian (the "Experian Dispute Letter"), requesting the above inaccurate information be removed.

181. The Experian Dispute Letter further requested that Experian:

- Immediately delete the account and the disputed derogatory information from [Plaintiff's] credit report.

- The discharged debt should be reported with an account balance of $0 with a status of "current."

- Further, there should be no post-bankruptcy activity reported on this account. The date of last activity on this account should pre-date [Plaintiff's] bankruptcy filing date, September 18, 2013, since a default on this account occurred no later than the Bankruptcy filing date.

- Any post-bankruptcy derogatory information should be immediately deleted from [Plaintiff's] report.

- If [Experian] do[es] not immediately delete this from [Plaintiff's] credit report, please include a 100-word statement in [Plaintiff's] credit report of all the disputed information contained in this letter regarding this account.

182. Upon information and belief, Experian timely notified ARS of Plaintiff's dispute, but ARS continued reporting inaccurate, derogatory information.

183. ARS and Experian were required to conduct a reasonable reinvestigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i and 15 U.SC. § 1681s-2(b)(1)(A).

184. On or about July 16 2015, Plaintiff received notification from Experian that Account Recovery Services and Experian received notice of Plaintiff's dispute pursuant to 15 U.S.C. § 1681i(a)(6) and was providing the results of the reinvestigation.

185. However, rather than remove all the above derogatory information from Plaintiff's report, Account Recovery Services and Experian simply left derogatory information on Plaintiff's report. Specifically, Account Recovery Services and Experian continued to report the following inaccurate and derogatory information on Plaintiff's credit:

- Added: "Recent Balance $315 as of November 2014"
- Still reporting: "In Collections September 2014"
- Added: Bankruptcy filed on November 11, 2014, which is the inaccurate date.

186. Experian did not provide notice to Plaintiff that his dispute was "frivolous or irrelevant," pursuant to 15 U.S.C. § 1681i(a)(3).

187. As discussed above, included in the Experian Dispute Letter was Plaintiff's statement of dispute, pursuant to 15 U.S.C. § 1681i(b).

188. However, despite Experian never notifying Plaintiff that his dispute was "frivolous or irrelevant," they failed to notate that Plaintiff disputed the above reporting in their subsequent reporting, as required by 15 U.S.C. § 1681i(c) and 1681c(f).

189. Accordingly, Experian failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff and violated 15 U.S.C. § 1681e(b).

LAW OFFICE OF CLARK OVRUCHESKY
750 B. STREET, SUITE 3300
SAN DIEGO, CA 92101

LAW OFFICE OF CLARK OVRUCHESKY
750 B. STREET, SUITE 3300
SAN DIEGO, CA 92101

190. ARS and Experian, upon receipt of Plaintiff's dispute, failed to conduct a reasonable investigation with respect to the disputed information as required by 15 U.S.C. §1681i and 15 U.SC. § 1681s-2(b)(1)(A).

191. ARS and Experian failed to review all relevant information provided by Plaintiff in the dispute to Experian, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

192. Due to ARS and Experian's failure to reasonably investigate, they each further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

193. Accordingly, Experian failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff and violated 15 U.S.C. § 1681e(b).

194. Plaintiff's continued efforts to correct ARS and Experian's erroneous and negative reporting of the Debt by communicating Plaintiff's dispute with ARS and Experian were fruitless.

195. ARS and Experian's continued inaccurate and negative reporting of the Debt in light of its knowledge of the actual error was willful.

196. ARS and Experian's inaccurate and negative reporting damaged Plaintiff's creditworthiness.

197. By inaccurately reporting account information relating to the Debt after notice and confirmation of its errors, ARS and Experian failed to take the appropriate measures as determined in 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

198. Through this conduct, ARS has violated Cal. Civ. Code § 1785.25(a) by furnishing information to Experian, a consumer reporting agency, that ARS knew or should known was inaccurate.

///

///

LAW OFFICE OF CLARK OVRUCHESKY
750 B. STREET, SUITE 3300
SAN DIEGO, CA 92101

## VEROS CREDIT, LLC : MISREPORTED CREDIT INFORMATION
## RE: ACCOUNT NO.: 18696534*

199. In a TransUnion Credit Report dated June 30, 2015, Progressive reported the following inaccurate, derogatory information for the above-referenced account number:

- "Maximum Delinquency of 120 days in 10/2013 and in 12/2013
- Pay Status: "Charged Off"
- Original Charge Off: $2,698
- High Balance: "High balance of $7,107 from 12/2012 to 07/2013; $7107 from 01/2014 to 01/2014"
- Remarks: "Unpaid Balance Charged Off"
- 10/2013: 90 days late; 10/2013; 120 days late; 12/2013: 120 days late; 01/2014: Charged Off, Balance of $2,875, Past Due Amount of $2,369

200. The adverse information reported by Veros was based on Veros's assertion of pre-bankruptcy obligations and was therefore inaccurate, since after filing Chapter 13 Bankruptcy, the Chapter 13 plan determined how Veros would be paid. Failing to report consistent with the terms of the Chapter 13 plan was therefore inaccurate.

201. Veros should not have reported derogatory information on Plaintiff's account to TransUnion after September 18, 2013 because Plaintiff filed for bankruptcy on September 18, 2013.

202. Veros and TrasnUnion's inaccurate and negative reporting damaged Plaintiff's creditworthiness.

203. TransUnion's credit reports even reported the Bankruptcy in their respective "Public Records" sections of Plaintiff's credit reports, and reflected that the Bankruptcy was filed on September 18, 2013. Therefore, TransUnion had notice of the Bankruptcy.

204. Moreover, TransUnion had notice of the Bankruptcy due to multiple other accounts reporting in Plaintiff's TransUnion credit reports notating the Bankruptcy.

205. However, even with notice of the Bankruptcy, TransUnion allowed Veros to report the above inaccurate and derogatory information, for a debt that was included in the Bankruptcy, after Plaintiff filed the Bankruptcy.

206. Therefore, TransUnion's inaccurate and negative reporting of the Debt in light of their knowledge of the Bankruptcy was willful.

207. Accordingly, TransUnion failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff and violated 15 U.S.C. § 1681e(b).

208. Veros received notice of the Bankruptcy filing on or about September 2013 through a Court Certificate of Mailing with Service by the Bankruptcy Noticing Center.

209. Therefore, Veros's inaccurate and negative reporting of the Debt in light of their knowledge of the Bankruptcy was willful.

210. Through this conduct, Veros has violated Cal. Civ. Code § 1785.25(a) by furnishing information to TransUnion, consumer reporting agencies, that Veros knew or should known was inaccurate.

## CAUSES OF ACTION

### COUNT I

### VIOLATION OF THE FAIR CREDIT REPORTING ACT

### 15 U.S.C. §§ 1681 ET SEQ.

### [AGAINST ALL DEFENDANTS]

211. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

212. The foregoing acts and omissions constitute numerous and multiple willful, reckless, or negligent violations of the FCRA, including, but not limited to,

LAW OFFICE OF CLARK OVRUCHESKY
750 B. STREET, SUITE 3300
SAN DIEGO, CA 92101

each and every one of the above-cited provisions of the FCRA, 15 U.S.C. § 1681.

213. As a result of each and every negligent noncompliance of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2), from Defendants.

214. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendants.

## COUNT II

### VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT

### CAL. CIV. CODE § 1785.1 ET SEQ.

### [AGAINST DEFENDANTS USE, CASHCALL, ASTRA, ACCEPTANCE, ARS, AND VEROS ONLY]

215. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

216. The foregoing acts and omissions constitute numerous and multiple violations of the California Consumer Credit Reporting Agencies Act.

217. In the regular course of its business operations, Defendants routinely furnish information to credit reporting agencies pertaining to transactions between Defendants and Defendants' consumers, so as to provide information to a consumer's credit worthiness, credit standing and credit capacity.

218. Because Defendants are partnerships, corporations, associations, or other entities, and are therefore each a "person" as that term is defined by Cal. Civ.

LAW OFFICE OF CLARK OVRUCHESKY
750 B. STREET, SUITE 3300
SAN DIEGO, CA 92101

Code § 1785.3(j), Defendants are and always were obligated to not furnish information on a specific transaction or experience to any consumer credit reporting agency if they knew or should have known that the information is incomplete or inaccurate, as required by Cal. Civ. Code § 1785.25(a). Since Defendants received notice that Plaintiff's accounts were reporting inaccurately, Defendants should have adjusted Plaintiff's accounts accordingly, but yet failed to do so.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendants:

- An award of actual damages, in an amount to be determined at trial or damages of a maximum of $1,000 pursuant to 15 U.S.C. § 1681n(a)(1)(A), against Defendants for each incident of willful noncompliance of the FCRA;

- An award of punitive damages, as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2), against Defendants for each incident of willful noncompliance to the FCRA;

- An award for costs and reasonable attorney's fess, pursuant to 15 U.S.C. § 1681n(a)(3), against Defendants for each incident of negligent noncompliance of the FCRA;

- An award of actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1681o(a)(1) against Defendants for each incident of negligent noncompliance of the FCRA;

- An award of costs and litigation and reasonable attorney's fees pursuant 15 U.S.C. § 1681n(a)(3) and 15 U.S.C. § 1681o(a)(2) against Defendants for each incident of noncompliance of the FCRA;

- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1785.31(a)(2)(A), against Defendants;

LAW OFFICE OF CLARK OVRUCHESKY
750 B. STREET, SUITE 3300
SAN DIEGO, CA 92101

- Award of attorneys' fees and costs pursuant to Cal. Civ. Code § 1785.31(a)(1); and, Cal. Civ. Code § 1785.31(d) against Defendants;
- An award of punitive damages of $100-$5,000 per willful violation of Cal. Civ. Code § 1785.25(a), pursuant to Cal. Civ. Code § 1785.31(a)(2)(B) against Defendants;
- For equitable and injunctive relief pursuant to Cal. Civ. Code § 1785.31(b) against Defendants;
- Any and all other relief the Court deems just and proper.

Dated: November 12, 2015                    Respectfully submitted,

                                            LAW OFFICE OF CLARK OVRUCHESKY


                                            By: /s/ Clark Ovruchesky
                                                 CLARK OVRUCHESKY, ESQ.
                                                 ATTORNEY FOR PLAINTIFF

## TRIAL BY JURY

219. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.


Dated: November 12, 2015                    Respectfully submitted,

                                            LAW OFFICE OF CLARK OVRUCHESKY


                                            By: /s/ Clark Ovruchesky
                                                 CLARK OVRUCHESKY, ESQ.
                                                 ATTORNEY FOR PLAINTIFF