UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

THERESA L. BLANKENSHIP,

                              Plaintiff,

v.

ACCOUNT RECOVERY
SERVICE, INC.,

                              Defendant.

Case No.:  15-cv-2551-BTM-JLB

**ORDER DISMISSING WITHOUT PREJUDICE DEFENDANT ACCOUNT RECOVERY SERVICE, INC., AND GRANTING LEAVE TO AMEND COMPLAINT**

On January 5, 2017, Plaintiff filed a motion for default judgment against defendant Account Recovery Service, Inc., in which she asserted, in part, that Account Recovery Service, Inc. was in default in that it allegedly executed a waiver of service of the summons and complaint pursuant to Federal Rule of Civil Procedure 4(d)(1), but thereafter failed to file a responsive pleading.

On the Court's review of the waiver form referenced by Plaintiff, it determined that the waiver stated the party waiving service as "Kathryn Nix,"[1] not Account Recovery Service, Inc., and that it was executed in Oxnard, California, whereas the complaint alleged that the primary corporate address of Account Recovery Service, Inc. was in Milwaukee.  The Court thus found the waiver form insufficient to demonstrate the Court had acquired personal jurisdiction over Account Recovery Service, Inc.  (ECF No. 59.)  The Court accordingly denied Plaintiff's

---

[1]  The Court read the handwritten form as "Kathryn Dix," but Plaintiff now indicates the handwriting actually says "Kathryn Nix."

motion for judgment by default, and issued an Order to Show Cause ("OSC") requiring Plaintiff to show good cause, in writing, why Account Recovery Service, Inc. should not be dismissed from the action based on Plaintiff's failure to effect service, or obtain a valid waiver of service, within 90 days of filing the complaint, as required by Federal Rule of Civil Procedure 4(m).  (ECF No. 59.)

Plaintiff has filed a timely response to the OSC.  In essence, she contends that she served the correct person—Kathryn Nix, in Oxnard—but the wrong entity. She states her claim under the Fair Credit Reporting Act, 15 U.S.C. § 1681 is based on an allegedly wrongfully derogatory remark on her credit report entered by "Account Recovery Service," with a P.O. Box in Oxnard.  Pl.'s Resp. to OSC, Ex. 1.  Her counsel's research led him to conclude that "Account Recovery Service" meant Account Recovery Service, Inc., a corporation the California Secretary of State website identifies as a "forfeited" Wisconsin corporation with a principal address in Milwaukee, whose agent for service of process is C T Corporation System, located at 818 W. 7th Street in Los Angeles, California.  Id. Ex. 2. Plaintiff's counsel states he nevertheless sent the waiver of service packet to Kathryn Nix at a street address in Oxnard ("411 N A St in Oxnard, California") based on an online search that apparently led him to website with the Oxnard mailing address.  Id. at 2:17-23.

Plaintiff's counsel states he has now done additional research and has learned that the California Secretary of State website associates two corporations with the 411 N A St, Oxnard address:  TriCounties Adjustment Bureau, Inc., and Accounts Adjustment Bureau.  Id. Exs. 3, 4.  Kathryn Nix is listed as the agent for service of process of both entities.  Id.  Plaintiff's counsel indicates the new information has led him to conclude that TriCounties Adjustment Bureau, Inc., doing business as Account Recovery Service, is the correct defendant—not Account Recovery Service, Inc., the Wisconsin corporation identified in the complaint.  Id. at 3:24-4:1.  Plaintiff's counsel asks the Court to allow Plaintiff to

15-cv-2551-BTM-JLB

amend her complaint to name Tri Counties Adjustment Bureau, Inc. <u>Id.</u> at 4:1-5.

Plaintiff's burden in response to the OSC was to demonstrate good cause for the failure to effect service, or obtain a valid waiver of service, as to Account Recovery Service, Inc. within 90 days of filing this action. <u>See</u> Fed. R. Civ. P. 4(m). The "good cause" inquiry focuses on whether the Plaintiff has been diligent in attempting to effect service, and whether "some outside factor … rather than inadvertence or negligence, prevented service…." Fed. R. Civ. P. 4, H.R. 7154—Federal Rules of Civil Procedure Amendments Act of 1982 ("If the plaintiff has not been diligent, the court will dismiss the complaint for failure to serve within 120 [now 90] days…"), Fed. R. Civ. P. 4, Adv. Comm. Notes to 1993 Am., Subdivision (m) (stating relief for failure to effect service within required time frame may be justified "if the defendant is evading service or conceals a defect in attempted service"); <u>Mann v. Castiel</u>, 681 F.3d 368, 374 (D.C. Cir. 2012) (quoting <u>Lepone-Dempsey v. Carroll Cnty. Cm'rs</u>, 476 F.3d 1277, 1281 (11th Cir. 2007)). "In making extension decisions under Rule 4(m) a district court may consider factors like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service." <u>Efaw v. Williams</u>, 473 F.3d 1038, 1041 (9th Cir. 2007) (internal quotation marks and citation omitted). If there is a showing of good cause, the district court must grant an extension of time for service under Rule 4(m), and if there is not, the court may dismiss the defendant without prejudice. Fed. R. Civ. P. 4(m); <u>Efaw</u>, 473 F.3d at 1041.

The Court finds Plaintiff has not demonstrated good cause for the failure to effect service, or obtain a valid waiver of service, as to Account Recovery Service, Inc. At the outset, Plaintiff now disclaims the notion that Account Recovery Service, Inc. is a proper defendant in this action, which effectively moots the issue. To the extent Plaintiff's counsel attempts to justify his delay in discovering the defect in service, the Court finds the response insufficient to provide such justification. This action was filed on November 12, 2015. (ECF No. 1.) At the

time Plaintiff's counsel served the waiver form, he was operating under the belief that Account Recovery Service, Inc., a Wisconsin corporation, was the correct defendant. The California Secretary of State's internet database shows CT Corporation is the agent for service of process for Account Recovery Service, Inc. Plaintiff's counsel gives no indication this information was not available to him at the time he was attempting to effect service.  A waiver of service of process, when served on a corporation, must be addressed "to an officer, a managing or general agent, or any other agent … authorized by law." Fed. R. Civ. P. 4(d)(1)(A)(ii).  Yet rather than serve the waiver package on CT Corporation, Plaintiff's counsel chose to send the waiver package to Kathryn Nix at an address in Oxnard, on the basis of an internet search (a search he now contends actually led him to a different entity). This additional information merely confirms that the waiver form did not create personal jurisdiction over Account Recovery Service, Inc., and fails to justify the delay in discovery of the defect.

In reviewing Plaintiff's OSC response, the Court found it necessary to consider whether it inadvertently acquired personal jurisdiction over Account Recovery Service, Inc., by the apparent participation of its counsel, Lloyd Dix, in a discovery conference early in the case.  Plaintiff has submitted a copy of a February 22, 2016 email addressed to "efile_Bartick@casd.uscourts.gov," the e-file address for Magistrate Judge Bartick.  Ex. 6.  Attached to the email is a "Proposed Joint Discovery Plan Pursuant to F.R.C.P. 26(f)" prepared by Plaintiff's counsel, which includes electronic signatures of counsel, including Lloyd Dix ("/s/ Lloyd Douglas Dix") on behalf of Account Recovery Service, Inc.  Ex. 6.  The proposed plan states that a Rule 26(f) meeting was held telephonically on January 27, 2016. Id.  Although the proposed discovery plan was emailed to the magistrate judge, the electronic docket for this case shows that the document was never filed.

Although Plaintiff does not contend Dix's participation in the discovery conference and electronic signature to the proposed discovery plan resulted in a

4

general appearance on behalf of Account Recovery Service, Inc., the Court has considered the issue sua sponte. "Defendants can waive the defect of lack of personal jurisdiction by appearing generally without first challenging the defect in a preliminary motion, or in a responsive pleading." Jackson v. Hayakawa, 682 F.2d 1344, 1347 (9th Cir. 1982). "An appearance ordinarily is an overt act by which the party comes into court and submits to the jurisdiction of the court…, an affirmative act involving knowledge of the suit and an intention to appear." Benny v. Pipes, 799 F.2d 489, 492 (9th Cir. 1986). However, "'[n]ot every act by a party that is addressed to the court or relates to the litigation will be deemed an appearance.'" Taylor v. Boston & Taunton Transp. Co., 720 F.2d 731, 733 (1st Cir. 1983) (quoting 10 Wright, Miller & Kane Federal Practice & Procedure § 2686 (2d ed. 1983). "Informing the clerk of a change in address, Anderson v. Taylorcraft, Inc., 197 F. Supp. 872 (W.D. Pa. 1961), and requesting a delay in the entry of a default judgment, Rutland Transit Co. v. Chicago Tunnel Terminal Co., 233 F.2d 655 (7th Cir. 1956), have been held insufficient to constitute an appearance." Id.; see Benny, 799 F.2d at 493 (holding defendant prison guards' three motions to extend time to respond to the complaint did not result in a general appearance).

The Court finds Dix's participation in the telephonic discovery conference and signing of the proposed discovery plan did not result in a general appearance. Although the proposed discovery plan was emailed to the magistrate judge, it was never filed. S.D. Cal. Elect. Case Filing Admin. Policies & P., R. 2(a), https://www.casd.uscourts.gov/CMECF/Lists/Policies%20and%20Procedures/Att achments/8/CASDPolicies_01-20-2017.pdf ("[e]-mailing a document to … the assigned judge does not constitute 'filing' of the document"). Emailing the proposed discovery plan to the magistrate judge was thus akin to the contacts between counsel and courts that have been held not to result in a general appearance. Anderson, 197 F. Supp. at 874 (letter to the clerk regarding change in address); Taylor, 720 F.2d at 733 (holding there was no general appearance

where a docket entry indicated counsel contacted the court to state he would be filing an answer and motion to set aside default in two weeks); compare Vuitton v. Rags on Wheels, Civ. S-91-1294 EJG GGH 1992 U.S. Dist. LEXIS 20803, *3-4 (E.D. Cal. 1992) (finding counsel made a general appearance where he signed a stipulation "that was later filed").

Also, Dix's participation in the discovery conference and approval of the proposed discovery plan is consistent with an intent to preserve his client's rights while investigating whether his client had been served (and it is now apparent that there was no service on Account Recovery Service, Inc.). "[A]n appearance is always a matter of intention, and is not to be inferred…." Anderson, 197 F. Supp. at 874 (citation omitted). In Ayres v. Jacobs & Crumplier P.A., 99 F.3d 565, 568 (3d Cir. 1996), defendants filed motions to dismiss challenging validity of service of process, and subsequently participated in discovery and attended scheduling conferences. Id. The Third Circuit held counsel's conduct was merely "prudent" in light of their client's potential liability and did not result in waiver of objections to personal jurisdiction. Id. Likewise, Dix's participation in the discovery conference early in this case and shortly after the alleged service, combined with the lack of any subsequent responsive pleading, is at least consistent with the intent to preserve his client's discovery rights while confirming whether Account Recovery Service, Inc. had been served. The Court therefore concludes no general appearance resulted, and it did not acquire personal jurisdiction over Account Recovery Service, Inc.

Because Account Recovery Service, Inc. has not been served, far more than 90 days have elapsed since the action was filed on November 12, 2015, and Plaintiff has not shown good cause for the delay, the Court will dismiss Account Recovery Service, Inc. from the action pursuant to Rule 4(m).

Plaintiff's counsel indicates he now believes the complaint erroneously named Account Recovery Service, Inc., a Wisconsin corporation, and that the

15-cv-2551-BTM-JLB

correct defendant is actually Tri Counties Adjustment Bureau, Inc., doing business as Account Recovery Service. OSC Resp. at 3:24-36. The Court will grant Plaintiff the opportunity to amend the complaint to add the proposed new defendant. If Plaintiff does amend, the newly named defendant must thereafter be served with process (or waive service) in accordance with Rule 4 as with any new defendant.

For the foregoing reasons, defendant Account Recovery Service, Inc. is DISMISSED WITHOUT PREJUDICE from this action. The Court grants Plaintiff leave to amend the complaint to name the proposed new defendant identified in the response to the OSC. Plaintiff shall file the amended complaint by May 15, 2017.

IT IS SO ORDERED:

Dated: May 2, 2017

Barry Ted Moskowitz, Chief Judge
United States District Court